NO. 8877

COURT OF APPEAL

PARISH OF ORLEANS.

————

JAMES A. GAUDET

vs.

JOHN BORDES.

————

Court of Appeal
~~~~~~~~~~~~~~~~~~

NOV 27-22

H. J. Stansbury

Dinkelspiel; J.

This is a suit for possession.

Plaintiff, the owner of a certain cottage and stable together with the grounds adjoining thereto, situate in Jefferson Parish, complains that the premises in question were heretofore used and occupied by the defendant under a verbal agreement and that defendant should use the same until notified to the contrary, after which he would cease such use immediately. The further allegation is made that the defendant for the use of the property during the time as your petition did not need the premises was to pay at the rate of sixty dollars per month. Alleging that defendant became in default as to the payment of rent for the month of July and plaintiff being desirous of obtaining possession of the premises terminated the verbal understanding or agreement by giving to defendant on the 23rd day of August, a written notice to vacate the premises within the five days allowed by law, and that more than five calendar days have elapsed since service of said notice, and notwithstanding same, defendant fails and refuses to vacate.

Wherefore the prayer is that defendant be ordered to show cause on a day fixed, why he should not vacate the premises or in the alternative be ejected therefrom; and for all costs and for general relief.

This petition was sworn to, and an order obtained, ordering defendant to show cause on the 13th day of September, 1922, why he should not vacate the premises described, or in the alternative be ejected therefrom. The order was signed by the Judge. Annexed to the order was the written notice to vacate.

The answer of the defendant after pleading the general issues, goes on substantially averring that for months past he had occupied said premises under a verbal lease with plaintiff, at a rate of sixty dollars a month, said lease end-

268

ing on the last day of November, 1922, when defendant was to move into his own property and also procure a tenant for plaintiff; admits being in possession of the property by virtue of a verbal lease. Avers that this suit for possession is malicious and an effort to offset plaintiff's responsibility and liability to defendant by reason of having caused him damages on said premises on or about August 22nd, 1923, when without notice, part of said buildings were demolished.

Wherefore he prays for judgment in his favor and that plaintiff's suit be dismissed, the verbal lease be recognized and his right of occupancy of the premises in question at the rate of sixty dollars per month be maintained, and reserving his right to sue for damages.

On these issues the case went to trial.

It was proven that the notice required by law was given and served within the time stated in plaintiff's petition.

The testimony in this record, of plaintiff and his two witnesses, affirm and maintain the allegations of his petition; whilst on the other hand the testimony of the defendant asserts to the contrary.

The learned Judge of the District Court heard the testimony in this case, and saw the witnesses, and therefore was in a better position to judge of the merits of this case than we are; and a careful examination of the testimony has convinced us that his judgment was correct. He ordered that the rule be made absolute and that defendant be given until the first of October 1923 in which to vacate the premises. From this judgment there was a suspensive appeal taken to this Court, and in this Court, in answer to the appeal herein taken, there is a prayer that the appeal being frivolous and without merit, hence plaintiff is entitled to damages for a frivolous appeal, claiming the sum of Five Hundred Dollars.

Where, as in cases of this character, there is a controversy and allegations made under oath and denied, require the judgment of Court in order to determine the issues between

the parties, and there being no money demand set up, we are of the opinion that damages for a frivolous appeal will not be allowed, but we are further of the opinion that if plaintiff has suffered any damages he is entitled to be heard in a direct action and looking to that end we reserve the right of plaintiff to institute any proceeding which he may think best for his purpose.

Stewart vs. Levis Bros. 42 Ann. p. 40.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the Court aquo be and the same is hereby affirmed;

It is further ordered, adjudged and decreed that plaintiff's right to sue in a direct action for such damages as he may think he is entitled to is reserved;and that defendant pay costs of both courts.

–Judgment affirmed–